**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION**

| | |
|---|---|
| **JUSTIC BEISEL,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 4:18-cv-208 |
| **CHIPOTLE MEXICAN GRILL, INC.** | ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Justin Beisel ("Beisel") brings this action against Chipotle Mexican Grill, Inc. ("Chipotle"), and shows as follows:

## OVERVIEW

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and the Indiana Wage Payment Statute I.C. § 22-2-5 *et seq*. Chipotle violated the FLSA by failing to pay Beisel the minimum wage required under federal law. Chipotle also violated Indiana law by failing to timely pay Beisel his earned wages.

## PARTIES

2. Beisel is an individual who, at all relevant times, resided in Dearborn County, Indiana. He was employed by Chipotle within the meaning of the FLSA during the three-year period prior to the filing of this Complaint. At all times hereinafter mentioned, Beisel was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

3. Chipotle is a Delaware corporation doing business in Dearborn County, Indiana. Chipotle acted, directly or indirectly, in the interest of an employer with respect to Beisel. Chipotle is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION

4. This Court has jurisdiction over Defendants because Beisel brings claims arising under federal law. This Court has supplemental jurisdiction over Beisel's Indiana state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391.

## FLSA COVERAGE

6. At all times hereinafter mentioned, Chipotle has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

7. At all times hereinafter mentioned, Chipotle has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

8. At all times hereinafter mentioned, Beisel was an employee engaged in commerce or in the production of goods for commerce.

## **FACTS**

9. Chipotle owns and operates a restaurant in Aurora, Dearborn County, Indiana.

10. Chipotle employed Beisel from approximately August 2018 to approximately September 5, 2018 as a dishwasher.

11. During his employment, Chipotle agreed to pay Beisel a base hourly rate of $10.30.

12. Beisel voluntarily terminated his employment with Chipotle on approximately September 5, 2018.

13. During his employment with Chipotle, Beisel typically worked approximately 30 hours per week for Chipotle.

14. Beisel was paid no wages for approximately his first three weeks of employment.

15. Chipotle has refused to pay Beisel any earned wages for approximately his first three weeks of employment.

16. Beisel was not exempt from the minimum wage provisions of the FLSA.

17. At the time Beisel's employment with Chipotle ended, Beisel was owed but has not received, payment of his earned wages.

18. At the time Beisel's employment ended, Beisel was owed payment for approximately 3 weeks worked for Chipotle.

19. Chipotle has refused to pay Beisel his wages earned for approximately his first 3 weeks of employment.

20. By refusing to pay Beisel any earned wages for approximately his first 3 weeks of employment, Chipotle did not pay Beisel the minimum wage required by the FLSA.

21. By refusing to pay Beisel all his earned wages for approximately his first 3 weeks of employment, Chipotle has failed to timely pay Beisel his earned wages in accordance with Indiana law.

### COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

22. Beisel hereby incorporates by reference Paragraphs 1 – 21 of this Complaint.

23. During the relevant time period, Chipotle has violated and is violating the provisions of 29 U.S.C. §§ 206 by failing to comply with the minimum wage requirements of the FLSA.

24. Chipotle has acted intentionally, willfully, or with reckless disregard to the rights of Beisel as protected by the FLSA.

### COUNT II: FAILURE TO PAY WAGES IN ACCORDANCE WITH INDIANA CODE §§22-2-5 *et. seq.*

25. Beisel hereby incorporates by reference Paragraphs 1 – 24 of this Complaint.

26. During the relevant time period, Chipotle has violated and is violating provisions of Indiana Code §§22-2-5 *et. seq.* by failing to timely pay Beisel's wages.

27. Chipotle's refusal to timely pay Beisel his earned wages was in bad faith.

## **PRAYER FOR RELIEF**

WHEREFORE, Beisel respectfully requests that this Court enter judgment against Chipotle and award relief as follows:

a. An Order pursuant to Section 16(b) of the FLSA finding Chipotle liable for unpaid back wages due to Beisel, in addition to liquidated damages equal in amount to the unpaid compensation due to Beisel;

b. An Order pursuant to I.C. §§ 22-2-5 *et. seq.* finding Chipotle liable for unpaid earned wages due to Beisel, plus liquidated damages double in amount of the unpaid wages found due to Beisel;

c. An Order awarding Beisel costs of this action;

d. An Order awarding Beisel reasonable attorney's fees;

e. A Declaration and finding by the Court that Chipotle willfully violated provisions of the FLSA by failing to comply with the minimum wage requirements of the FLSA;

f. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

s/Robert J. Hunt
Robert J. Hunt, (#30686-49)
The Law Office of Robert J. Hunt, LLC
1905 South New Market Street, Suite 220
Carmel, Indiana 46032
Telephone:  (317) 743-0614
Facsimile:  (317) 743-0615
E-Mail:  rob@indianawagelaw.com

Attorney for Plaintiff