UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

JUSTIN BEISEL,

    Plaintiff,

v.

CHIPOTLE MEXICAN GRILL, INC.,

    Defendant.

**Case No.: 4-18-cv-208-TWP-DML**

## **ANSWER**

Defendant CHIPOTLE MEXICAN GRILL, INC.[1] ("Chipotle"), by and through undersigned counsel, presents the following for its Answer and Affirmative Defenses to Plaintiff Justin Beisel's Complaint (hereinafter the "Complaint").

## **OVERVIEW**

1. Chipotle denies the allegations of Paragraph 1 of the Complaint and specifically denies that Plaintiff is entitled to any recovery under the Fair Labor Standards Act ("FLSA") and specifically denies that Plaintiff is entitled to any recovery under Indiana Law.

## **PARTIES**

2. Chipotle denies the allegations of Paragraph 2 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth of the matters asserted therein and respectfully refers all questions of law to this Honorable Court.

---

[1] Plaintiff has sued the wrong entity. The proper entity is Chipotle Services, LLC.

{03166929 / 1}

3. Chipotle admits that it is a Delaware Corporation. Chipotle denies the remaining allegations of Paragraph 3 of the Complaint as written, and respectfully refers all questions of law to this Honorable Court.

## JURISDICTION

4. Chipotle denies the allegations of Paragraph 4 of the Complaint and respectfully refers all questions of law to this Honorable Court.

## VENUE

5. Chipotle denies the allegations of Paragraph 5 of the Complaint and respectfully refers all questions of law to this Honorable Court.

## FLSA COVERAGE

6. Paragraph 6 of the Complaint states a legal conclusion and, therefore, requires no response from Chipotle. To the extent a response is required, Chipotle denies the allegations of Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint states a legal conclusion and, therefore, requires no response from Chipotle. To the extent a response is required, Chipotle denies the allegations of Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint states a legal conclusion and, therefore, requires no response from Chipotle. To the extent a response is required, Chipotle denies the allegations of Paragraph 8 of the Complaint.

9. Chipotle denies the allegations of Paragraph 9 of the Complaint.

10. Chipotle denies the allegations of Paragraph 10 of the Complaint.

11. Chipotle denies the allegations of Paragraph 11 of the Complaint.

12. Chipotle denies the allegations of Paragraph 12 of the Complaint.

13. Chipotle denies the allegations of Paragraph 13 of the Complaint.

14. Chipotle denies the allegations of Paragraph 14 of the Complaint.

15. Chipotle denies the allegations of Paragraph 15 of the Complaint.

16. Chipotle denies the allegations of Paragraph 16 of the Complaint.

17. Chipotle denies the allegations of Paragraph 17 of the Complaint.

18. Chipotle denies the allegations of Paragraph 18 of the Complaint.

19. Chipotle denies the allegations of Paragraph 19 of the Complaint.

20. Chipotle denies the allegations of Paragraph 20 of the Complaint.

21. Chipotle denies the allegations of Paragraph 21 of the Complaint.

### COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LEABOR STANDARDS ACT

22. In response to Paragraph 22, Chipotle adopts and incorporates by reference its individual responses to Paragraphs 1 through 21 of the Complaint as though fully set forth herein.

23. Chipotle denies the allegations of Paragraph 23 of the Complaint.

24. Chipotle denies the allegations of Paragraph 24 of the Complaint.

### COUNT II: FAILURE TO PAY WAGES IN ACCORADANCE WITH INDIANA CODE §§22-2-5 *et. seq.*

25. In response to Paragraph 25, Chipotle adopts and incorporates by reference its individual responses to Paragraphs 1 through 24 of the Complaint as though fully set forth herein.

26. Chipotle denies the allegations of Paragraph 26 of the Complaint.

27. Chipotle denies the allegations of Paragraph 27 of the Complaint.

## PRAYER FOR RELIEF

Chipotle denies the allegations of Plaintiff's Prayer for Relief, including sub-paragraphs a., b., c., d., e., and f.

## GENERAL DENIAL

Chipotle denies each and every allegation in the Complaint that has not otherwise been specifically admitted or denied herein.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Chipotle demands a trial by jury on all issues so triable as of right by jury, except objects to a trial by jury on Plaintiff's equitable claims, claims for back pay, and all other claims or issues as to which Plaintiff is not entitled to a jury as a matter of right or law.

## AFFIRMATIVE DEFENSES

And now, further responding to Plaintiff's Complaint, Chipotle sets forth the following Affirmative Defenses.

### First Affirmative Defense

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

2. Plaintiff's claims are barred in whole or in part by applicable statutes of limitations and/or the doctrine of laches.

### Third Affirmative Defense

3. Pursuant to 29 U.S.C. § 259 and other applicable law, all actions by Chipotle with regard to Plaintiff were lawful and in good faith compliance and in reliance on an administrative

regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or Indiana Department of Labor, thus acting as a bar to liability.

### Fourth Affirmative Defense

4.     Plaintiff is barred from recovering penalties or liquidated damages pursuant to, *inter alia*, the Fair Labor Standards Act or Indiana Wage Payment Laws because: (a) Plaintiff has failed to plead facts sufficient to support allegations of willfulness; (b) neither Chipotle nor any agent or employee of Chipotle acted willfully in failing to pay wages allegedly due to Plaintiff; (c) Chipotle's acts or omissions, if any, were taken because of a reasonable belief that its actions or omissions were lawful; and (d) Chipotle's acts or omissions, if any, were in good faith and with reasonable belief that the alleged acts or omission, if any, were not a violation of any applicable law.

### Fifth Affirmative Defense

5.     To the extent Plaintiff is entitled to any back pay, the wages paid to Plaintiff constituted compensation for all hours worked.

### Sixth Affirmative Defense

6.     Plaintiff lacks standing to assert any purported cause of action.

### Seventh Affirmative Defense

7.     Plaintiff's claims are barred, in whole or in part, because those claims have been released.

### Eighth Affirmative Defense

8.     Plaintiff's claims are barred by the doctrines of estoppel, offset, and/or setoff.

**Ninth Affirmative Defense**

9. Plaintiff is not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, oppressive, or confiscatory.

**Tenth Affirmative Defense**

10. Each cause of action in the Complaint is barred to the extent that Plaintiff consented to any of the alleged activity or conduct.

**Eleventh Affirmative Defense**

11. Plaintiff's claims are barred, in whole or in part, by the principles of accord and satisfaction and payment.

**Twelfth Affirmative Defense**

12. Plaintiff's claims are barred, in whole or in part, because the worked alleged to be unpaid is not compensable time under applicable law, including because it was preliminary, postliminary, or de minimis.

**Thirteenth Affirmative Defense**

13. Plaintiff's claims are barred, or recovery reduced, because Plaintiff has not appropriately mitigating his alleged damages, if any.

**Fourteenth Affirmative Defense**

14. Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**Fifteenth Affirmative Defense**

15. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

### Sixteenth Affirmative Defense

16. Plaintiff's claims against Chipotle fail, in whole or in part, because Chipotle cannot be held vicariously liable for the acts or conduct alleged in the Complaint.

### Seventeenth Affirmative Defense

17. Plaintiff's claims against Chipotle fail, in whole or in part, because the Defendant is not the proper party to this action.

### Eighteenth Affirmative Defense

18. Plaintiff's claims against Chipotle fail, in whole or in part, because Chipotle's conduct was not a proximate cause of the injuries or harm alleged in the Complaint.

### Nineteenth Affirmative Defense

19. Plaintiff's claims against Chipotle fail, in whole or in part, because Chipotle did not authorize, direct or participate in any of the alleged wrongful conduct described herein.

### Twentieth Affirmative Defense

20. The claims at issue are subject to compulsory and binding arbitration.

### RESERVATION OF RIGHTS

Chipotle reserves the right to assert additional affirmative defenses as Plaintiff's claims are clarified in the course of this litigation.

WHEREFORE, Chipotle respectfully request that the Court enter Judgment denying all relief sought by Plaintiff and dismissing the Complaint in its entirety; awarding Chipotle its costs, disbursements, and reasonable attorneys' fees incurred in this action; and granting such other and further relief as the Court deems just and proper.

Dated: January 14, 2019

Respectfully submitted,

**MESSNER REEVES LLP**

_/s/ Abigail Nitka_
Abigail Nitka
Lena Brinjikji
805 Third Ave., 18th Fl.
New York, NY 10022
Tel: 646-663-1870
Fax: 646-663-1895
anitka@messner.com
lbrinjikji@messner.com


**KOPKA PINKUS DOLIN PC**

By:   _/s/ Sheri Bradtke McNeil_
Sheri Bradtke McNeil (#19280-45)
9801 Connecticut Drive
Crown Point, IN 46307
Tel: 219-794-1888
Fax: 219-794-1892
sbmcneil@kopkalaw.com

*Attorneys for Defendant*
*CHIPOTLE MEXICAN GRILL, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2019, a copy of the foregoing Answer was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                                           */s/ Abigail Nitka*
                                                                           Abigail Nitka