UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JUSTIN BEISEL,<br><br>      Plaintiff,<br><br>v.<br><br>CHIPOTLE MEXICAN GRILL, INC.,<br><br>      Defendant. | Case No.: 4-18-cv-208-TWP-DML |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**

Come now the Plaintiff Justin Beisel, by and through his attorney, and Defendant Chipotle Mexican Grill, Inc., by and through its attorney, and hereby move this Honorable Court for an order approving the proposed settlement, which is attached hereto.  The parties agree that this settlement is fair, adequate, and reasonable, and ask that it be granted final approval by the Court. In support of this motion, the Parties state as follows:

1.    Plaintiff initiated this lawsuit asserting claims including violations of the Fair Labor Standards Act ("FLSA") and the Indiana Wage Payment Act ("IWPA").  Specifically, Plaintiff alleged in Complaint that he was not paid for his first three weeks of employment, having worked approximately 30 hours each week at his hourly rate of $10.30.  As a result, Plaintiff's Complaint sought approximately $927.00 in unpaid wages, plus liquidated damages and attorney's fees and costs. After receiving Plaintiff's Complaint, Defendant engaged in an investigation into his claims.  The parties diligently pursued resolution of this matter through respective counsel.  On February 25, 2019, the parties reached a tentative settlement agreement. That agreement has been memorialized in the attached settlement agreement.  The parties now seek final approval of the settlement by this Court.  *See* Exhibit 1, Settlement Agreement. Of the $3,000.00 paid as part of this Settlement Agreement, Plaintiff will be paid $1,386.21

{03313610 / 1}

representing settlement of his claims for unpaid wages and liquidated damages and $1,613.79 representing his claims for attorney's fees and costs (inclusive of $400.00 in costs advanced by Plaintiff's counsel).

2. The settlement compensates the Plaintiff for back wages, liquidated damages, and attorneys' fees. The settlement satisfies the Plaintiff and his attorney and will be paid in accordance with applicable wage and hour laws. The settlement avoids protracted litigation, continuing attorneys' fees, deposition costs, and costs associated with trial.

3. Courts have held that a settlement agreement of a lawsuit involving FLSA claims may be made only with approval of the Court or with the Department of Labor. *See e.g.*, *Roberts v. Apple Sauce, Inc.*, No. 3:12-cv-830-TLS, 2014 WL 4804252, at *1 (N.D. Ind. Sept. 25, 2014); *Sanders v. Connan's Paint & Body Shop, LLC*, No. 1:14-cv-01725-SEB-DKL, 2015 WL 5692542, at *4, n. 6 (S.D. Ind. Sept. 28, 2015) (noting that the Seventh Circuit has ruled that judicial approval of FLSA settlements is necessary"); *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 994–95 (N.D. Ind. 2010) ("stipulated settlements in a FLSA case must be approved by the Court[.]") (citations and quotations omitted).

4. Before approving an FLSA settlement, the Court must review it to determine if it is a fair and reasonable resolution of a bona fide dispute. *See e.g.*, *Roberts*, 2014 WL 4804252, at *1; *Sanders*, 2015 WL 5692542, at *4. "Generally speaking, if the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Brice Ikby Binissia and Halina Suchecka, et al., v. ABM Industries, Inc., et al.*, No. 13 Civ. 1230, 2017 WL 4180289, at * 3 (N.D. Ill. Sept. 21, 2017).

5. "Furthermore, 'courts may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing the proposed settlements for fairness.'" *Burkholder,* 750 F. Supp. 2d at 995 (quoting *Misiewicz v. D'Onofrio Gen. Contractors,* No. 08-

{03313610 / 1}

CV-4377 (KAM)(CLP), 2010 WL 2545439, at *3 (E.D.N.Y. May 17, 2010)). Additionally, "[w]here a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." *Id.* at 336; *see also* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant...").

6. As a general rule, federal courts favor settlement of such litigation. *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996).

7. The Parties have been represented throughout this litigation by counsel who are deeply experienced in wage and hour litigation and recognize the benefit of a settlement rather than protracted litigation. The settlement agreement was negotiated at arm's length by experienced counsel who throughout the Parties' settlement discussions vigorously represented their clients' interests. This is certainly a compromise over contested issues and a bona fide dispute, including but not limited to Plaintiff's claims for liquidated damages under the FLSA and Indiana law. The Parties exchanged settlement demands and counter-demands, and exchanged pay and electronic time clock records that allowed meaningful analysis of potential damages were Beisel to prevail in this case. Factors indicating fairness are present, including the fact that the parties thoroughly investigated the issues; that the parties conserved substantial time and expense that would have been required had the case gone to trial; and that, by settling, Plaintiff is assured a reasonable recovery on his claims, thereby avoiding the uncertainties associated with further litigation.

8. The Parties agree that this settlement fairly and adequately resolves the claims in this matter. *See Burkholder*, 750 F. Supp. 2d 990 at 995 ("Normally, a settlement is approved where it is the result of contentions arm's-length negotiations, which were undertaken in good faith by counsel … and serious questions of law and fact exist such that the value of an

immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.") (citations and quotations omitted).

## CONCLUSION

The settlement entered into by and between Plaintiff and Defendants secures both efficiency and justice. For the reasons stated above, this settlement should be approved, and the parties jointly pray for an Order: (1) finding that the settlement is fair, adequate and reasonable; (2) approving the settlement in its entirety.

**WHEREFORE,** the parties respectfully request this Honorable Court enter an Order approving the attached/proposed settlement.

Respectfully Submitted,

By:   /s/ *Robert J. Hunt*
Robert J. Hunt  (#30686-49)
THE LAW OFFICE OF ROBERT J. HUNT, LLC
1905 South New Market Street, Suite 220
Carmel, Indiana 46032
Tel: 317-743-0614
Fax: 317-743-0615
rob@indianawagelaw.com

*Attorney for Plaintiff*

By:   /s/ *Abigail Nitka*
Abigail Nitka (PHV #43840-53)
MESSNER REEVES LLP
805 Third Avenue, 18th Floor
New York, NY 10022
Tel: 646-663-1860
Fax: 646-665-1895
anitka@messner.com

By:   /s/ *Sheri Bradtke McNeil*
Sheri Bradtke McNeil (#19280-45)
KOPKA PINKUS DOLIN
Crown Point, IN 46307
Tel: 219-794-1888
Fax: 219-794-1892
sbmcneil@kopkalaw.com

*Attorneys for Defendant*
*Chipotle Mexican Grill, Inc*

{03313610 / 1}